# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**Rebecca Lorine Sue Jenkins**                                              **Plaintiff**

v.                              No. 5:15-CV00001-JM-JTR

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                          **Defendant**

## Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge James M. Moody, Jr.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Moody may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Reasoning for Recommended Disposition**

Rebecca Lorine Sue Jenkins seeks judicial review of the denial of her application for social security disability benefits.[3] Jenkins alleged disability beginning August 28, 2008, but she amended her alleged onset date to March 20, 2012, her last work day.[4] She based disability on peripheral neuropathy, uncontrolled diabetes, anxiety, neck injury, and nerve disorder.[5]

**The Commissioner's decision**. After considering the application, the ALJ identified severe impairments: uncontrolled diabetes mellitus with neuropathy, obesity, sciatica, hypertension and status post ankle fracture with fixation.[6] The ALJ determined the impairments limit Jenkins to sedentary work.[7] Because a vocational expert identified available sedentary work, the ALJ concluded that Jenkins is not disabled and denied the application.[8]

After the Appeals Council denied review,[9] the ALJ's decision became the

---

[3] SSA record at pp. 142 & 149.

[4] *I*d. at p. 42.

[5] *Id*. at p. 206.

[6] *Id*. at p. 14.

[7] *Id*. at p. 18.

[8] *Id*. at p. 22.

[9] *Id*. at p. 1.

Commissioner's final decision for the purpose of judicial review.[10] Jenkins filed this case to challenge the decision.[11]

**Jenkins's allegations**. Jenkins challenges numerous aspects of the ALJ's decision: (1) evaluation of her credibility, (2) consideration of a treating medical provider statement, (3) application of agency guidance about sit/stand options, and (4) jobs identified as available work.[12] For the reasons discussed below, the Court concludes that Jenkins's final argument has merit.

**Whether work exists that Jenkins can do.** Jenkins argues that the vocational evidence is unclear about whether she can do the jobs identified by the VE. If a claimant demonstrates that she is unable to return to her past work, "the burden of proof shifts to the Commissioner of Social Security to establish that there are substantial numbers of jobs existing in the national economy that the claimant can perform with h[er] particular limitations."[13] During the administrative hearing, the ALJ heard testimony from a VE regarding "jobs existing in the national economy that

---

[10] *See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[11] Docket entry # 1.

[12] Docket entry # 13.

[13] *Hepp v. Astrue*, 511 F.3d 798, 803 (8th Cir. 2008).

[Jenkins] can perform with h[er] particular limitations."[14]

In his decision, the ALJ identified two jobs that Jenkins can perform: dispatcher and surveillance system monitor.[15] As to the dispatcher position, the VE testified that it "would not be available" due to the ALJ's fingering and handling limitations.[16] Thus, the ALJ's determination that Jenkins can work as a dispatcher is *not* supported by substantial evidence.

As to the surveillance system monitor position, the VE conceded that the DOT code she used, and the number of jobs she identified, were for a "government position," *not* for available work in the private sector.[17] When asked whether there was a different code for the private sector, the VE could not respond because of a "computer problem." The VE testified that "surveillance monitors" were hired by retail stores, grocery stores, and "probably some factories," but she did not elaborate further on the number of those private sector jobs that were available, or whether

---

[14]SSA record at pp. 59-68.

[15]SSA record at p. 22.

[16]SSA record at pp. 65-66. After the VE testified that the dispatcher job was *not* available, the ALJ asked some follow-up questions regarding that position. However, in responding to those questions, the VE's testimony did *not* establish that the dispatcher job was consistent with the limitations in the ALJ's hypothetical. *See* SSA record at pp. 68-69.

[17]SSA record at p.67.

Jenkins's limitations allowed her to work in a "private sector" surveillance system monitor positions.[18]

## Conclusion and Recommended Disposition

Under these circumstances, the Court concludes that substantial evidence does not support the ALJ's Step 5 determination that there are a substantial number of jobs existing in the national economy that Jenkins can perform. On remand, the ALJ should update the medical record, and ensure that vocational expert testimony supports the Step 5 analysis.

Accordingly, the Court recommends that the Commissioner's decision be reversed and that this matter be remanded to the Commissioner for further proceedings pursuant to "sentence four," within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

Dated this 5th day of January, 2016.

_____
United States Magistrate Judge

---

[18]SSA record at pp. 67-68.